UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: EDCV 04-1330-MMM (MAN)          Date: July 6, 2010

Title:    Aaron D. Ruff v. James E. Hall
================================================================================
DOCKET ENTRY:      ORDER TO SHOW CAUSE
================================================================================
PRESENT:

         Hon. Margaret A. Nagle, United States Magistrate Judge

| Earlene Carson | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| N/A | N/A |

**PROCEEDINGS (In Chambers):**

Petitioner initiated this state prisoner habeas action on October 20, 2004, but the case was stayed for approximately five months while a state habeas proceeding filed by Petitioner remained pending. Subsequently, Respondent moved to dismiss this action on the ground that the Petition is untimely. In his opposition to the motion to dismiss, Petitioner conceded that the Petition is untimely and disavowed any reliance on the equitable tolling doctrine. Petitioner, instead, claims that "newly discovered evidence" establishes that he is "actually innocent," and thus, he is entitled to have the *Schlup* actual innocence gateway[1] applied to the Petition so that he may avoid the AEDPA limitations period.

After briefing was completed, the Court issued its Report and Recommendation of March 8, 2006, in which it concluded that the timeliness issue should be reserved in this case until it could be determined whether constitutional error had occurred at Petitioner's trial, and if so, whether Petitioner had made a sufficient showing of actual innocence. On June 30, 2006, the United States District Judge to whom this action formerly was assigned accepted and adopted the Report and Recommendation. Respondent subsequently filed an Answer, and Petitioner filed a Reply.

Following the completion of such briefing, counsel was appointed for Petitioner. In addition, the record in this case was ordered expanded, and as a result, a Supplemental Answer and a Supplemental Reply were filed. Thereafter, Petitioner's first appointed counsel was relieved (based on an application filed under seal by counsel) and substitute counsel was appointed. Subsequently, Petitioner moved to have new counsel appointed. In November 2009,

---

[1]      *See, e.g.,* Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851 (1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 04-1330-MMM (MAN)                                        Date: July 6, 2010

Petitioner's substitute counsel was relieved and current counsel was appointed.  Last month, co-counsel was appointed for Petitioner.  The Court presently is awaiting a further status report and/or further briefing by Petitioner's counsel.

Today, the Ninth Circuit issued its published decision in Lee v. Lampert, No. 09-35276 (9th Cir. July 6, 2010).  Lee holds that there is no actual innocence exception to the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  Accordingly, the basis for this Court's 2006 conclusion that the issue of the Petition's timeliness should be reserved pending a resolution of two questions -- namely, whether any constitutional error occurred at Petitioner's trial and whether Petitioner has satisfied the *Schlup* actual innocence standard -- has been vitiated.  Put otherwise, the sole basis for possible consideration of the Petition's merits no longer has any legal basis.  For the reasons identified in the Court's March 2006 Report and Recommendation, the Petition plainly is untimely.  As the Ninth Circuit now has instructed that Petitioner's assertion of "actual innocence" cannot suffice to render the Petition timely, it appears that this action must be dismissed as untimely.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely.  **By no later than August 5, 2010**, Petitioner shall file a response to this Order indicating whether he concedes that the Petition is untimely or, if not, explaining how the Petition is timely.  If Petitioner contends that the Petition is timely, he must submit all supporting argument and evidence with his response to this Order.  Respondent may, if he wishes, file a reply to Petitioner's response within ten (10) days of his receipt of the response.

IT IS SO ORDERED.

MINUTES FORM 11                                                                                    Initials of Deputy Clerk _efc____
CIVIL - GEN